Anna Chapman, Appellant, v. Susannah J. Miller, Appellee.

CONVEYANCES—*when tender essential to liability.* A purchaser of real estate is not liable for the purchase price until conveyance or tender of conveyance has been made.

*Assumpsit.* Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed October 25, 1909.

LIVINGSTON & BACH, for appellant.

WELTY, STERLING & WHITMORE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in *assumpsit* for the recovery of certain money alleged to have been received by the defendant for the use of the plaintiff. A trial was had by the court, a jury having been waived, and resulted in a judgment against the plaintiff for costs. The declaration consists of the common counts and an additional count which alleges an indebtedness for the plaintiff's share of the sale price of two certain pieces of real estate owned by the plaintiff, the defendant and two other persons in common, and which the plaintiff authorized the defendant to sell for her, and which the defendant did sell for $5140. The defendant pleaded the general issue.

The evidence shows that the plaintiff and defendant, who were sisters, and Martha Ross and Anna Dwyer, their nieces, were tenants in common of certain real estate devised to them by James Warnes, deceased, consisting of twenty acres of farm land and a dwelling-house in the city of Bloomington, plaintiff and defendant each owning a one-third, and said nieces each a one-sixth interest. The property in question had for several years been subject to a trust for the benefit

of an invalid sister, and had been in charge of the defendant. After the death of the sister, the parties entered into a written agreement by the terms of which the defendant was to have charge of and sell the property, and the plaintiff, Martha Ross and Anna Dwyer, together with their respective husbands, executed a joint power of attorney to the defendant, authorizing her to negotiate and sell the property ''for the best possible price at her discretion'' and to in their names, execute all necessary deeds of conveyance therefor, and empowering her ''to do all that may be necessary to procure the best possible price for said premises.''

The defendant was unable to find a purchaser for the farm land at what she deemed a fair price, and accordingly advertised and sold the same at public auction. All of the parties were present at the sale. The highest bid received was $125 an acre, whereupon the defendant, believing the property to be worth more, and, as she claims, to prevent its being sacrificed, herself bid $130 per acre, and the property was struck off to her. Later the city property was sold in a similar manner to the defendant's daughter for $2540. No question was raised as to the validity of this latter sale, and the defendant paid to the other tenants in common their proportionate share of $1878.39 of the proceeds. The plaintiff contends that the sale of the farm property by the defendant to herself, under the circumstances, was voidable at the election of her tenants in common. They, however, chose to affirm the same, and by this and similar suits instituted by Martha Ross and Anna Dwyer, seek to recover from her their respective shares of the proceeds thereof. The defendant contends that under the authority and discretion vested in her by the power of attorney, she merely bid in the property to prevent the same being sold at an inadequate price and should therefore not be held as a purchaser of the same.

The court in passing upon the propositions of law, in substance held the law applicable to be that an agent

to sell real estate has no power to, without authority, bid in the same for his principal, and that in case of such an unauthorized purchase the principal has the election to accept the property or to hold the agent liable for the purchase price; that in case an agent to sell property sells the same to himself, the principal may ratify the sale and hold the agent to the terms thereof, and that such agent cannot invoke the Statute of Frauds as a defense to a suit for that purpose. We perceive nothing in either the written agreement or power of attorney which authorized the defendant to purchase the property for her tenants in common, and it is obvious that without such authority she was powerless to do so. Whether, however, the sale be treated as an unauthorized one to the principal, or a purchase by the agent, in either event the plaintiff and the other tenants in common had a right either to disaffirm or ratify the transaction. They have elected to ratify the same as a purchase by the defendant herself, and have the right to insist upon the performance by her of the terms of the same. We are of opinion, however, that upon payment of the purchase price to the plaintiff and the other tenants in common, she would be entitled to a deed of conveyance to the premises, and that in the absence of a tender of such a deed to the defendant by the plaintiff and the other tenants in common, she was not bound to pay the purchase price, or any part thereof, and that no recovery can be had by the plaintiff in this action for her proportion of the same.

In addition to the amount claimed to have been due from the sale of the farm land, the plaintiff seeks also to recover her proportion of a balance claimed to be due on account of the sale of the city property. The defendant insists that she was entitled to retain such balance as commissions for administering the estate of James Warnes and his widow, and in satisfaction of certain other charges which she claims are due to her from the plaintiff and the other devisees. There is

no evidence in the record which tends to substantiate any set-off against the proceeds of the city property in the hands of the defendant, and the court erred in not allowing to the plaintiff the sum of $76.68, the balance due upon her share of the same. To this extent the judgment of the Circuit Court is erroneous, and the same will be reversed and the cause remanded.

*Reversed and remanded.*